UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

                Plaintiff,

    v.

AMY KOHL,

                Defendant.

CASE NO. 3:24-CV-5883-DGE

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT BE FILED

      The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On October 18, 2024, Plaintiff filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1; 1-1.

      **Legal Standard.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 1

has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). When the privilege is abused, permission to proceed IFP may be denied. *See Demos v. U.S. Dist. Court for Eastern Dist. Of Washington*, 925 F.2d 1160, 1160-61 (9th Cir. 1991); *see also In re Sindram*, 498 U.S. 177, 180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* to those individuals who have abused the system."); *Johnson v. Irby*, 2009 WL 1973510, at *3 (N.D. Fla. July 8, 2009) ("A court may deny IFP status prospectively when the number, content, frequency, and disposition of a litigant's filings show an abusive pattern.") (internal quotations omitted).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

**Proposed Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed complaint, Plaintiff names Amy Kohl, an employee of the Washington State Department of Social and Health Services, as the sole defendant. Dkt 1-1. Plaintiff contends he had money stolen from him without his consent or a lawful court order. *Id*. It is unclear how his claims relate to Defendant Kohl.

**Plaintiff's Application to Proceed IFP.** Plaintiff states he is unemployed and a review of his Application to Proceed IFP shows he cannot afford the filing fee. *See* Dkt. 1.

**Analysis of Plaintiffs' Claims**. Notwithstanding his inability to pay, the Court finds Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Plaintiff's proposed complaint contains no allegations related to Defendant Kohl. *See* Dkt. 1-1. It is unclear how this case even relates to the

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 3

Department of Social and Health Services. Therefore, the Court finds Plaintiff has not alleged facts sufficient to show he is entitled to relief in this case.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). While the Court finds it improbable Plaintiff can cure the deficiencies of the proposed complaint, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to amend his proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to December 2, 2024.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **DECEMBER 2, 2024;** and
- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **DECEMBER 2, 2024**.

//
//
//
//

If Plaintiff fails to adequately respond to this Order and file an amended complaint by December 2, 2024, the Court will recommend Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

Dated this 31st day of October, 2024.

David W. Christel
United States Magistrate Judge